UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-05569-SVW-AGR<br>2:17-cv-03679-SVW-AGR<br>2:17-cv-05054-SVW-AGR | Date | August 29, 2017 |
|---|---|---|---|
| Title | *Chenghsin D. Hsieh et al v. Snap Inc. et al*<br>*James Erickson v. Snap, Inc et al; Shinu Gupta v. Snap Inc et al* | | |

Present: The Honorable **STEPHEN V. WILSON, U.S. DISTRICT JUDGE**

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER REMANDING CASE TO STATE COURT IN *HSIEH* [1] [23] AND RESCHEDULING HEARING FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL FOR *ERICKSON* AND *GUPTA* [11] [15] [19] [21] [25]

    A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c). Based on this Court's prior decision in *Bucks County Employees Retirement Fund v. Nanthealth, Inc. et al*, 2:17-cv-03964, (C.D. Cal. August 18, 2017) (Order Granting Mot. To Remand August 18, 2017), the Court REMANDS Plaintiffs case back to Los Angeles Superior Court.

I. **Discussion**

    A civil action that originally could have been brought in federal court may be removed from state court to federal court, "[e]xcept as otherwise expressly provided by Act of Congress." 28 U.S.C. § 1441(a). "[Section 77v(a)] of the Securities Act of 1933 provides such an express exception to removal."

                                                                                                                                                :      

Initials of Preparer       PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-05569-SVW-AGR<br>2:17-cv-03679-SVW-AGR<br>2:17-cv-05054-SVW-AGR | Date | August 29, 2017 |
|---|---|---|---|
| Title | *Chenghsin D. Hsieh et al v. Snap Inc. et al*<br>*James Erickson v. Snap, Inc et al; Shinu Gupta v. Snap Inc et al* | | |

*Luther*, 533 F.3d at 1034. The antiremoval provision of the Securities Act states: "No case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. § 77v(a) (1997). Furthermore, the Act allows for concurrent jurisdiction in a separate jurisdictional provision: "The district courts of the United States . . . shall have jurisdiction of offenses and violations under this subchapter . . . concurrent with State and Territorial courts, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter." *Id.*

The Securities Litigations Uniform Standards Act (SLUSA), which amended the above provision of the Securities Act, § 77v(a), in 1998 states:

> The district courts of the United States . . . shall have jurisdiction of offenses and violations under this subchapter . . . concurrent with State and Territorial courts, *except as provided in section 77p of this title with respect to covered class actions*, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter. . . . *Except as provided in section 77p(c) of this title, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.*

15 U.S.C. § 77v(a) (emphases added).

Accordingly, § 77p(c) is titled "Removal of covered class actions." The provision states "Any covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b)." Finally, § 77p(b) states:

> No covered class action *based upon the statutory or common law* of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging—
>
> (1) an untrue statement or omission of a material fact in connection with the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-05569-SVW-AGR<br>2:17-cv-03679-SVW-AGR<br>2:17-cv-05054-SVW-AGR | Date | August 29, 2017 |
|---|---|---|---|
| Title | *Chenghsin D. Hsieh et al v. Snap Inc. et al*<br>*James Erickson v. Snap, Inc et al; Shinu Gupta v. Snap Inc et al* | | |

purchase or sale of a covered security; or

(2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C § 77p(b) (emphasis added).

SLUSA also defined "covered class actions" in another section of the statute as including "any single lawsuit in which . . . damages are sought on behalf of more than 50 persons or prospective class members, . . . [or] one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated." 15 U.S.C. § 77p(f)(2)(A)(i).

The plain language of the statute as well as the dominant view of courts around the country support remanding the case back to state court.[1] Under the plain language of the statute, the exception to § 77v(a)'s antiremoval provision only applies to "covered class action[s] . . . as set forth in subsection (b). 15 U.S.C. § 77p(c). Subsection (b) only covers class actions "based upon the statutory or common law of any State." *Id.* Here, the Plaintiffs' claims only include claims under the federal Securities Act. The complaint lacks any claims under state law. Thus, the exception does not apply.[2]

Defendants claim that when Plaintiffs bought Snap stock, they agreed that federal court would be the exclusive venue for securities claims. While such a forum-selection clause may be binding on

---

[1] This includes over 20 district court judges in the Ninth Circuit alone, with zero rulings to the contrary. *See, e.g., Book v. Pronai Therapeutics, Inc.*, 2017 U.S. Dist. LEXIS 90061 (N.D. Cal. June 12, 2017) (granting remand); *Rivera v. Fitbit, Inc.*, 2016 WL 4013504 (N.D. Cal. July 27, 2016) (Illston, J.) (granting remand); *Elec. Workers Local #357 Pension & Health & Wellness Trusts v. Clovis Oncology, Inc.*, 2016 U.S. Dist. LEXIS 60086, at *9 (N.D. Cal. May 5, 2016), (Chen, J.) (same); *Desmarais v. Johnson*, 2013 U.S. Dist. LEXIS 153165, at *8-*9 (N.D. Cal. Oct. 22, 2013).

[2] Defendants ask this Court to consider the Solicitor General's arguments that defendants are permitted to remove Section 11 cases from state court. Brief for the United States as Amicus Curiae, *Cyan, Inc. v. Beaver Cty. Emps.' Ret. Fund*, No. 15-1439, 2017 WL 2333893, at *14-17 (U.S. May 23, 2017). The Solicitor General's brief is not binding on this Court. As this Court already explained in *Bucks County*, the weight of judicial authority is against that interpretation, as is a plain language understanding of the statute. *Bucks County Employees Retirement Fund v. Nanthealth, Inc.* et al, 2:17-cv-03964, (C.D. Cal. August 18, 2017) (Order Granting Mot. To Remand August 18, 2017).

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-05569-SVW-AGR<br>2:17-cv-03679-SVW-AGR<br>2:17-cv-05054-SVW-AGR | Date | August 29, 2017 |
|---|---|---|---|
| Title | *Chenghsin D. Hsieh et al v. Snap Inc. et al*<br>*James Erickson v. Snap, Inc et al; Shinu Gupta v. Snap Inc et al* | | |

purchasers of Snap stock, it is by no means binding on this Court in determining whether Article III jurisdiction actually exists for the Court to decide this matter. A forum-selection clause between two private parties provides no obligation for a federal District Court to hear a case it cannot otherwise hear.

Defendants also rely on Judge Wilken's opinion in *Grotewiel v. Avinger, Inc.*, No. 17-cv-03400-CW (N.D. Cal. Aug. 22, 2017); however, the case at hand is different. In *Grotewiel*, the Plaintiffs waived jurisdiction by electing not to move to remand. Here, the Plaintiffs' Response to the Court's Order to Show Cause states that Plaintiffs believe that "Defendants improperly removed the action" to federal court. Dkt. 30 at 1. This is not the same as the waiver in *Grotewiel*. Furthermore, "the Ninth Circuit has not decided whether the removal bar in the Securities Act is jurisdictional if not invoked in a timely manner." *Grotewiel,* at 3. Without further guidance from the Ninth Circuit and with Plaintiffs prepared to argue the matter in state court, this Court cannot continue to have jurisdiction over the matter, albeit the oddity of having the other cases still continue here. The plain language of the statute is clear on this matter.

II. **Conclusion**

For the foregoing reasons, the Court REMANDS the *Hsieh* Plaintiffs case to state court. The Court lacks jurisdiction to hear these claims.

With regard to the *Erickson* and *Gupta* actions, the Court does have federal question jurisdiction over the subject matter because Plaintiffs filed the initial claims in federal court. The Court DISCHARGES the order to show cause with respect to the two actions and reschedules the hearing for Appointment as Lead Plaintiff and Approval of Lead Counsel to Monday, September 11, 2017 at 1:30 p.m. 2:17-cv-03679-SVW-AGR Dkts. 11, 15, 19, 21, and 25.

|  | : |
|---|---|
| Initials of Preparer | |
| PMC | |